SOUTHWICK, P.J.,
dissenting:
¶ 12. The majority finds that the trial court fatally infected jury deliberations by giving an instruction on “open and obvious” dangers as an absolute defense. The majority is seeing something in this instruction that I do not find. With deference for my colleagues, I dissent.
¶ 13. Kroger was successful in presenting several instructions to the jury, though only the alleged open and obvious defense instruction is challenged. Kroger offered evidence that after King informed an assistant manager of the fall, the two of them went to the place where it was said to have occurred. The assistant manager testified that he found only a scuff mark and the floor to be dry where King said that she had fallen. The plaintiff King gave a partial explanation of why that might have been, namely, that soon after her fall she saw someone with a mop near the produce department who then walked out a specific door. Kroger, on the other hand, presented evidence that attempted to show why that testimony was not plausible, including the location of the mops at the store, the fact that the view of the door was blocked from where King was standing, and that the door went to a loading dock and not to any location relevant for an employee who was mopping.
¶ 14. Whether the plaintiffs version of events was proved by a preponderance of the evidence was to be decided by the jury. Based on instructions that I find appropriate, the jurors held for Kroger.
¶ 15. The instruction challenged on appeal is said to present the dreaded open and obvious defense as an absolute bar. The majority quite properly points out that whether a hazard is open and obvious is still relevant, but it is no longer by itself a bar to recovery. It is just one consideration in determining the contributions to causation. This is the instruction:
The Court instructs the Jury that while shopping at Kroger Store V379, Jore King had a duty to exercise reasonable care to observe any hazard or risks on the floor in the produce department which could cause injury to her and which were readily apparent and if you believe from a preponderance of the evi *682 dence in this case that Jore King failed to do so, then she was guilty of negligence.
If you further believe from a preponderance of the evidence in this case that the negligence, if any of Jore King was a contributing proximate cause of the injuries and damages, if any, suffered by her when she fell, then you shall reduce any damages you award Jore King, if any, by the proportion or amount her negligence contributed to her injuries.
However, if you believe by a preponderance of the evidence in this case that the negligence of Jore King, if any, was the sole proximate cause of her injury then you shall return a verdict for the Defendant, The Kroger Company.[1]
¶ 16. The first paragraph is unexceptional. King had a duty to exercise reasonable care for her own safety, just as a premises’ owner has a duty to exercise reasonable care to maintain premises in a safe manner. If the jurors found that the reasonable inference from the events was that King was careless as she walked through the produce department, then those jurors were entitled to find that she had some fault in the accident. If her carelessness was in failing to note a hazard or risk that was obvious, the jury is not forbidden from being told about that because of the lessening of the effect of the open and obvious defense. The defense is no longer a complete bar to recovery, but it is a factor in comparative negligence.
¶ 17. The second paragraph instructs the jury on comparative negligence. If •both parties were at fault, the jury was to assign comparative responsibility. I find nothing wrong with this paragraph.
¶ 18. Finally, the third paragraph presents the possibility that King was solely responsible for her fall. There was no direct evidence of King’s negligence, but there was direct evidence both that she fell — that evidence came from King — and that soon after the event that the floor was dry — that evidence came from Kroger. Whether anyone mopped away the evidence was also a jury question. If the jury believed that the floor was dry, then not only was King a partial contributor to her injuries by failing to watch where she was going, she was solely responsible for them.
¶ 19. I note one problem, not raised by King, that fe logically unaddressed in the instruction. People fall for all sorts of reasons. The plaintiff says that she fell and the floor was wet. Kroger says it does not know if she fell, but the floor was not wet. So King could have fallen, the floor might not have been wet, and therefore some other reason explains the fall. What the instruction did not cover is that the something else may not have been King’s or Kroger’s negligence.
¶ 20. The instruction could have said that King may have fallen for a variety of reasons not of Kroger’s making, including clumsiness, the act of someone else such as one of her companions, or for reasons that would amount essentially to an act of God. Such precision seems unnecessary to me. Saying that King’s “negligence” might have been the sole cause of the accident adequately expresses the remainder, since the relevant jury issue that is being addressed in that third paragraph is whether reasons totally independent of Kroger were the sole cause of the injury. By a preponderance of the evidence, King must show Kroger’s culpability. Kroger does not *683 need to prove other explanations. This instruction sufficiently structured what the jury had to consider about causation.
¶ 21. In fact, Kroger is the one who would have benefitted from a longer explanation. Kroger has no liability unless King proves that it was negligent, regardless of whether the jury ever believes that King was negligent. Limiting the third paragraph of the instruction to the requirement of an actual jury finding of King’s negligence, as opposed just to uncertainty about what happened and a failure of proof to show Kroger’s liability, was potentially to Kroger’s detriment. I am satisfied that any defects in the instruction were harmless as to King.
¶22. With respect for the majority, a jury question was properly presented and it was answered. I would affirm.
McMILLIN, C.J. and CHANDLER, J., join this separate opinion.

. The bracketed numbers and the paragraph breaks were not in the instruction as given to the jury.